UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHAEL D. JONES, JR. (#633869)**　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　**24-109-SDD-SDJ**

**EAST BATON ROUGE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 1, 2025.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**SCOTT D. JOHNSON**
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHAEL D. JONES, JR. (#633869)**           **CIVIL ACTION NO.**

**VERSUS**                                    **24-109-SDD-SDJ**

**EAST BATON ROUGE, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Plaintiff Michael D. Jones, Jr., who is representing himself and who is incarcerated at the West Baton Rouge Detention Center in Port Allen, Louisiana.[1] Based on the screening required under 28 U.S.C. § 1915A and allowed by § 1915(e), it is recommended that this Court decline to exercise supplemental jurisdiction over potential state law claims and that Jones's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim.

**I.  BACKGROUND**

Jones filed this suit under 42 U.S.C § 1983 against East Baton Rouge, West Baton Rouge, and Corey Felder, alleging that his constitutional rights were violated as a result of the revocation of Jones's parole.[2] Jones seeks monetary and injunctive relief.[3]

**II.  LAW & ANALYSIS**

**A.  Standard of Review**

This Court may dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if

---

[1] R. Docs. 1, 4, & 9.

[2] R. Doc. 1, pp. 4-5.

[3] R. Docs. 1, p. 8; 4, p. 4.

the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The screening process gives the court the ability early in the case to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered. Jones has sued a government official and government entities, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of civil Procedure 12(b)(6).[5] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[9]

---

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Jones was granted IFP status on December 15, 2023, so both statutes apply. R. Doc. 6.

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

### B. A § 1983 Action is Not the Proper Procedure to Challenge a Revocation of Parole

Jones's request to be released is a request for release from confinement and is not cognizable under § 1983.[10] Requests for release are only proper in a *habeas corpus* action. Accordingly, the requests for injunctive relief must be dismissed.

### C. The Related Claims for Monetary Relief are Barred by *Heck v. Humphrey*[11]

Because a ruling in Jones's favor "would necessarily imply the invalidity" of his parole revocation, his claims for monetary relief are also not cognizable under § 1983.[12] In *Heck v. Humphrey*,[13] the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[14] The *Heck* bar also applies to claims for damages related to constitutional violations stemming from parole revocation proceedings,[15] as well as claims for declaratory and injunctive relief.[16] In the case of parole revocation, the Section 1983 action is subject to dismissal under *Heck* absent a showing that the

---

[10] *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))); *McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 and n.5 (5th Cir. 1995) (*per curiam*) (collecting cases) (finding district court should have construed claim challenging request for release and denial of street-time credit following a parole revocation as seeking habeas relief).

[11] 512 U.S. 477, 487 (1994).

[12] *Id.*

[13] *Id.*

[14] *Id.* at 487. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

[15] *See McGrew*, 47 F.3d at 161.

[16] *Wilkinson*, 544 U.S. at 81-82.

3

confinement resulting from the parole revocation has been invalidated by a state or federal court.[17] There's no indication that Jones's parole revocation has been called into question in any way; rather, the opposite is true, since he is in this proceeding seeking to be released. Accordingly, these claims are subject to dismissal.

### D.  Leave to Amend is Not Warranted

Though "[o]rdinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed…[g]ranting leave to amend…is not required if the plaintiff has already pleaded her best case."[18]  It appears Jones has already pleaded his best case. He has clearly explained that he believes his parole was wrongfully revoked. Despite pleading his best case, Jones still fails to state a claim, so he should not be given further leave to amend.

### E.  Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Jones's allegations may be interpreted as a request for this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[19]  Having recommended dismissal of the federal claims before the Court in this case, it is appropriate to decline supplemental jurisdiction over any potential state law claims.

---

[17] *McGrew*, 47 F.3d at 161.

[18] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

[19] 28 U.S.C. § 1367.

**RECOMMENDATION**

**IT IS RECOMMENDED** that all federal claims brought by Plaintiff Michael D. Jones, Jr. in this case be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted; that the Court decline to exercise of supplemental jurisdiction over potential state law claims; and that this case be **CLOSED**.[20]

Signed in Baton Rouge, Louisiana, on August 1, 2025.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] Plaintiff Michael D. Jones, Jr. is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.